UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NANCY JEAN BRUEGGEMANN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:24-cv-00030-SRC |
| LELAND DUDEK, Acting Commissioner of the Social Security Administration,[1] | ) ) ) ) ) |
| Defendant. | ) ) |

**Memorandum and Order**

Nancy Brueggemann seeks judicial review, under 42 U.S.C. § 405(g), of the Commissioner of Social Security's final decision denying her protective application for disability and disability insurance benefits under Title II of the Social Security Act. The Court affirms the Commissioner's decision.

**I.    Procedural history**

In 2021, Brueggemann protectively filed an application for disability and disability insurance benefits. Tr. 165–70. The Social Security Administration denied her application on initial review, Tr. 88–91, and on reconsideration, Tr. 99–102. Upon Brueggemann's request, an Administrative Law Judge held a hearing. Tr. 32–64, 108–09. Brueggemann testified during the hearing. Tr. 38–56. Following the hearing, the ALJ denied Brueggemann's application. Tr. 17–26. Brueggemann then sought review of the ALJ's decision by the Appeal Council, but it denied

---

[1] Leland Dudek became the Acting Commissioner of the Social Security Administration on February 17, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Leland Dudek for Martin O'Malley as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Brueggemann's request.  Tr. 1–3.  The ALJ's decision, therefore, is the final decision of the Commissioner that this Court reviews.  *See* 20 C.F.R. § 404.900(a)(5); Tr. 1.

## II.     Standard for determining disability under the Act

Under the Act, an adult individual is disabled "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner follows a five-step evaluation when evaluating whether the claimant has a disability.  20 C.F.R. § 404.1520(a)(1).  First, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in substantial gainful activity, the claimant is not disabled.  *Id.*

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner evaluates the evidence to determine whether the claimant has a severe "impairment[] . . . [that] significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c)).  "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities."  *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (first citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); then citing *id.* at 158 (O'Connor, J., concurring); and then citing 20 C.F.R. § 404.1521(a)).

2

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the residual functional capacity (RFC) to perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). "RFC is defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) (quoting *Leckenby v. Astrue*, 487 F.3d 626, 631 n.5 (8th Cir. 2007)). While RFC must be "based on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016) (quoting *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009)), RFC is nonetheless an administrative assessment—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC," *id.* Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (first citing *Myers v. Colvin*, 721 F.3d 521, 526–27 (8th Cir. 2013); and then citing *Perks v. Astrue*, 687 F.3d 1086, 1092–93 (8th Cir. 2012)).

Ultimately, the claimant is responsible for *providing* evidence relating to his or her RFC, and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination[] if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."

3

20 C.F.R. § 404.1545(a)(3).  If the Commissioner determines that the claimant retains the RFC to perform past relevant work, he or she is not disabled.  20 C.F.R. § 404.1520(a)(4)(iv).

Finally, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of producing evidence showing that the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner.  *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005); 20 C.F.R. § 404.1520(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled.  *See* 20 C.F.R. § 404.1520(a)(4)(v).  If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled.  *Id.*  At this stage, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant.  *Hensley*, 829 F.3d at 932 (citing *Goff*, 421 F.3d at 785).

### III.    The ALJ's decision

Applying the foregoing, the ALJ concluded that Brueggemann had "not been under a disability within the meaning of the Social Security Act from April 17, 2020, through" February 2, 2023.  Tr. 18, 26.  After determining that Brueggemann had not engaged in substantial gainful activity since she applied, Tr. 20, the ALJ considered whether Brueggemann had any severe impairments, Tr. 20–22.  The ALJ concluded that Brueggemann had several severe impairments, including osteoarthritis, obesity, chronic obstructive pulmonary disease, and sleep apnea.  Tr. 20.  Further, the ALJ found that Brueggemann had several non-severe impairments, including depression and anxiety.  Tr. 21.  The ALJ then considered whether Brueggemann's impairments individually, or in combination, meet, or medically equal, any of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  Tr. 22.  She concluded that they do not.  *Id.*

4

Next, the ALJ determined Brueggemann's RFC by considering all evidence in the record. Tr. 22–25.  The ALJ concluded that Brueggemann had the RFC "to perform light work as defined in" 20 C.F.R. § 404.1567(b), except that Brueggemann could "occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance," and "occasionally stoop and crawl."  Tr. 22–23 (emphasis removed).  Further, the ALJ found that Brueggemann "should avoid hazards such as unprotected heights and dangerous machinery[,] and she should avoid exposure to concentrated fumes, odors, gases, dust, and poor ventilation."  Tr. 23 (emphasis removed).

Finally, the ALJ found that Brueggemann could perform her past relevant work as a metallurgical technician because that "work does not require the performance of work-related activities precluded by [her] residual functional capacity," which rendered Brueggemann not disabled.  Tr. 25 (emphasis removed).

## IV.     Standard of review

When a claimant seeks judicial review of the Commissioner's decision, the Court determines whether substantial evidence on the record as a whole supports his decision. 42 U.S.C. §§ 405(g), 1383(c)(3).  If it does, the Court must affirm the decision.  *Id.*  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  "[T]he threshold for such evidentiary sufficiency is not high."  *Id.* Under this test, the Court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision."  *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016) (citing *Crawford v. Colvin*, 809 F.3d 404, 408 (8th Cir. 2015)).  The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of

5

testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id.* (quoting *Johnson v. Colvin*, 788 F.3d 870, 872 (8th Cir. 2015)).  The Court will not "reverse merely 'because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the Court] would have decided the case differently.'" *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 369 (8th Cir. 2016) (quoting *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015)).

V. **Discussion**

Brueggemann claims that the Court must remand this case because the ALJ's RFC determination does not include a proper mental RFC.  Docs. 12, 19.  Specifically, Brueggemann challenges the ALJ's RFC determination on a purely legal ground:  whether the ALJ adequately explained why Brueggemann's RFC does not include any mental limitations.  Doc. 12 at 3, 14.[2] Brueggemann argues that the ALJ failed to adequately explain why the ALJ omitted mental limitations and makes several assertions that she proved that the ALJ "never" addressed Brueggemann's mental impairments in his RFC analysis.  Doc. 12 at 13; *see also, e.g.*, doc. 19 at 4 (stating that the ALJ "never addressed" Brueggemann's mental limitations); *id.* at 5 (claiming the ALJ "provide[d] NO explanation as to why the limitations . . . required no RFC accommodation").  The record belies Brueggemann's argument.

To begin, the ALJ made explicit statements indicating that she considered how Brueggemann's mild mental limitations, which she identified in the paragraph B-criteria analysis, impacted her mental RFC.  For example, the ALJ stated that she "considered all of [Brueggemann's] medically determinable impairments, including those that are not severe,"— i.e., her depression and anxiety—when assessing her RFC, Tr. 21, and the ALJ stated that the

---

[2] The Court cites to page numbers as assigned by CM/ECF.

6

RFC "assessment reflect[ed] the degree of limitation" that she had "found in the 'paragraph B' mental function analysis," Tr. 22.  Brueggemann attempts to discredit these statements by labeling them as "boilerplate."  Doc. 19 at 4–5.  Even if they are boilerplate as Brueggemann asserts, that label does not discredit the accuracy of the statements, especially considering that later portions of the ALJ's decision engage in a clear analysis regarding Brueggemann's mental RFC.

Specifically, in section five of his decision, the ALJ conducted her RFC analysis and discussed Brueggemann's mental impairments on four occasions.  First, the ALJ noted that Brueggemann's depression and anxiety were not severe.  Tr. 23.  Second, the ALJ explained that in April 2022, Brueggemann had normal mental signs on an exam and that "the signs and symptoms [did] not show limits beyond those in the reduced light" RFC.  Tr. 24.  Third, the ALJ considered Brueggemann's daily activities, Tr. 24–25, which the ALJ considered pertinent to Brueggemann's mental ability to interact with others and adapt or manage oneself (two paragraph B criteria), Tr. 21–22.  The ALJ explained that Brueggemann noted in her function report that she [had] no trouble with personal-care tasks, [did] household tasks, and help[ed] take care of her grandchildren.  Tr. 24.  These daily activities, in the ALJ's view, "are not indicative of someone who is disabled."  Tr. 25.  Finally, the ALJ discussed the State-agency psychological consultants' reports, finding them persuasive because they show that Brueggemann's mental impairments are not severe and are consistent with the ALJ's findings that Brueggemann's "mental signs and daily activities do not support more than mild limits."  Tr. 25.

The latter three discussions of Brueggemann's mental impairments occurred as the ALJ explained how the record demonstrated that one could reasonably expect Brueggemann's impairments to cause her alleged symptoms and that Brueggemann's "statements concerning the

7

intensity, persistence[,] and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Tr. 23. The Court finds that these four clear references to Brueggemann's mental abilities demonstrate that the ALJ considered and adequately explained why she concluded that Brueggemann's RFC does not include any mental impairments.

Moreover, in her RFC analysis, the ALJ made explicit reference on two occasions to her paragraph B-criteria analysis, which assessed the effects of Brueggemann's depression and anxiety. Tr. 23 ("As noted above, her . . . depression[] and anxiety are not severe."); Tr. 25 (discussing the psychologist reports and stating that "[a]s noted at step two above, her mental signs and daily activities do not support more than mild limits"). The ALJ's paragraph B-criteria analysis clearly explained that Brueggemann has no more than mild and non-severe limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. Tr. 21–22. That analysis further supports the ALJ's determination that Brueggemann's RFC need not include any mental impairments.

Thus, the Court holds that the ALJ adequately explained his RFC determination. *See Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004) ("The ALJ must at least minimally articulate reasons for crediting or rejecting evidence of disability." (citing *Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir. 1997)); *Browning v. Colvin*, No. 13-00266-CV-W-REL-SS, 2014 WL 4829534, at *36 (W.D. Mo. Sept. 29, 2014) (citing *Buckner v. Astrue*, 646 F.3d 549, 559–60 (8th Cir. 2011)).

## VI.     Conclusion

For the reasons explained above, the Court affirms the Commissioner's decision and dismisses with prejudice Brueggemann's [1] Complaint. A separate judgment accompanies this Memorandum and Order.

So ordered this 7th day of March 2025.

*SLR. CQ*
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE